# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DEVIN CEDENO,

    Petitioner,

vs.

WARDEN FILSON, et al.,

    Respondents.

Case No. 3:17-cv-00036-LRH-VPC

**ORDER**

Petitioner has paid the filing fee. The court has reviewed the petition for a writ of habeas corpus under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner needs to show cause why the court should not dismiss the action as untimely.

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment of conviction is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. See Gonzalez

v. Thaler, 132 S. Ct. 641, 653-54 (2012).  See also Nev. R. App. P. 4(b), 26(a).  Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period.  28 U.S.C. § 2244(d)(2).  The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur.  Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).  An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation.  Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

Section 2244(d) is subject to equitable tolling.  Holland v. Florida, 560 U.S. 631, 645 (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Id. at 649 (quoting Pace, 544 U.S. at 418).

The petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk of the court.  Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

The court can raise the issue of timeliness on its own motion.  Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

In state district court, petitioner pleaded guilty to burglary while in possession of a deadly weapon, robbery with the use of a deadly weapon, and burglary.  The state district court entered its judgment on January 5, 2015.  State v. Cedeno, No. C-14-301814-1.[1]  Petitioner did not appeal.  The judgment of conviction became final at the end of February 4, 2015, when the time to appeal expired.  Petitioner filed a post-conviction habeas corpus petition in the state district court on March 10, 2016.  The state district court denied the petition because petitioner filed it more than a year

///
///

---

[1] https://www.clarkcountycourts.us/Portal/Home/Dashboard/29 (report generated August 11, 2017).  The on-line docket report indicates that petitioner was convicted of nine counts of burglary while in possession of a deadly weapon and one count of robbery with the use of a deadly weapon.  The difference between petitioner's allegations and the on-line docket report is not material to the issue of timeliness.

after entry of the judgment of conviction. See Nev. Rev. Stat. § 34.726(1). Petitioner appealed, and the Nevada Court of Appeals affirmed. Cedeno v. State, No. 70482.[2]

Petitioner then commenced this action. He does not state when he delivered the petition to prison officials for mailing to this court. He dated the petition January 4, 2016, but he must have intended the year to be 2017, because he refers to matters that occurred after January 4, 2016. He signed and dated the declaration under penalty of perjury on January 6, 2017. The court received the petition on January 20, 2017. Ultimately, it does not matter when he mailed the petition.

On its face, the petition is untimely. Petitioner had nothing pending in state court for the year after the judgment of conviction became final. The federal one-year period expired at the end of February 4, 2016. The state post-conviction habeas corpus petition, filed on March 10, 2016, does not toll the federal one-year period for two reasons. First, the federal one-year period already had expired, and no time remained to be tolled. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Second, the state petition was untimely and thus ineligible for tolling. Pace, 544 U.S. at 417. Petitioner will need to show cause why the court should not dismiss this action as untimely.

IT IS THEREFORE ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the court should not dismiss this action as untimely. Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that the clerk shall add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

///
///
///
///

---

[2] http://nvcourts.gov/COAPortal/caseView.aspx?csiid=38698 (report generated August 11, 2017).

1  IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a
2  copy of the petition and this order. Respondents' counsel shall enter a notice of appearance herein
3  within twenty (20) days of entry of this order, but no further response shall be required from
4  respondents until further order of the court.
5  DATED this 14th day of August, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE